## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

MICHAEL L. PROVINCE,         )
                                        )
        Petitioner,         )
                                        )
v.                                  )        Civil Action No. 1:06-1066
                                        )
ADRIAN HOKE, Warden,[1]     )
Huttonsville Correctional Center,  )
                                        )
        Respondent.      )

### PROPOSED FINDINGS AND RECOMMENDATION

On December 26, 2006, Petitioner, acting *pro se* and formerly incarcerated at Mount Olive Correctional Complex, Mount Olive, West Virginia, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody.[2] (Civil Action No. 06-1066, Document No. 1.) Petitioner alleges the following grounds for *habeas* relief:

1.     Conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with complete understanding of the nature of the charge and the consequences of the plea.

2.     Petitioner was denied his constitutional right to the meaningful and effective assistance of counsel as secured by the Sixth and Fourteenth Amendments to the Constitution of the U.S.A. when defense counsel failed to convey a plea offer to his client.

---

[1] The undersigned notes that Petitioner is currently incarcerated at Huttonsville Correctional Center, located in Huttonsville, West Virginia. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Adrain Hoke is substituted as the party Respondent in this civil action.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

3.      Petitioner was denied his constitutional right to meaningful and effective assistance of counsel as secured by the Sixth Amendment to the Constitution of the U.S.A. when counsel induced petitioner to plead guilty to consecutive sentences.

4.      The sentence imposed on petitioner was disproportionate to offense committed by petitioner in violation of petitioner's right to due process of law as secured by the Fifth and Fourteenth Amendments to the Constitution of the U.S.A. and in violation of the prohibition against cruel and unusual punishment as secured by the Eighth Amendment of the Constitution of the U.S.A.

5.      Petitioner was denied his right to due process of law as secured by the Fourteenth Amendment to the Constitution of the U.S.A. when the Circuit Court of Monroe County, WV, failed to appoint counsel to represent petitioner in an omnibus habeas corpus proceeding, a right afforded all habeas petitioners with meritorious claims under state law.

(Id., Document No. 1, pp. 3 - 9.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Id., Document No. 3.)

## PROCEDURAL HISTORY

On May 19, 1998, Petitioner was indicted on ten counts of third degree sexual assault. (Civil Action No. 05-0868, Document No. 8, pp. 14 - 17.) On November 16, 1998, Petitioner pled guilty to five counts of third degree sexual assault in the Circuit Court of Monroe County, West Virginia, in exchange for the dismissal of the remaining five counts of third degree sexual assault contained in the indictment. (Id., pp. 19 - 20); State v. Province, Criminal Case No. 98-F-29 (Cir. Ct. Monroe Co. April 11, 2001). The Circuit Court sentenced Petitioner to one to five years on each of the five charges to run consecutively with a sentence previously imposed upon the Petitioner by the Circuit Court of Greenbrier County, West Virginia. (Id., p. 22.) On January 21, 2004, Petitioner, by counsel, filed his Petition for Appeal to the Supreme Court of Appeals of West Virginia raising the following assignments of error:

2

1.     Should the delay in filing this Petition of Appeal adversely affect the rights of the Appellant?

2.     Did the trial court properly determine that the Appellant understood the plea agreement?

3.     Did the trial court properly determine that the Appellant understood the nature and consequences of tendering his plea of guilty?

4.     Did the trial court properly determine that the Appellant desired to proceed with the plea agreement and not withdraw his plea of guilty?

5.     Did the court properly reject the defense's understanding of the plea agreement?

(Id., pp. 25 - 36.) The West Virginia Supreme Court refused the appeal by Order entered on April 15, 2004. (Id., p. 24.)

Petitioner, acting *pro se*, filed his Petition for Writ of Habeas Corpus in the Circuit Court of Monroe County on August 4, 2004. (Id., p. 38.); Province v. McBride, Civil Action No. 04-C-87 (Cir. Ct. Monroe). Petitioner raised the following grounds for *habeas* relief:

1.     Petitioner's guilty plea was clearly not entered knowingly and intelligently when he was under the belief from counsel if he would enter a plea of guilty, his sentences would run concurrently with any sentence in Greenbrier County.

2.     The Trial Court went outside the scope of its prescribed authority as provided by the West Virginia Legislature in Rule 11 of the West Virginia Rules of Criminal Procedure when it imposed a sentence not provided for in the plea this was a direct violation of the petitioner's right to due process and equal protection of the law under the 5th and 14th Amendments to the United States Constitution and Article III, Section 10 of the Constitution of the State of West Virginia.

3.     Petitioner contends that he was denied his rights to effective assistance of counsel in direct violation of the Sixth Amendment to the United States Constitution and Under Article III, Section 14 of the West Virginia Constitution.[3]

---

[3] Petitioner asserted that he was denied effective assistance of counsel on five grounds: (1) Counsel's failure to file a proper plea agreement; (2) Counsel's failure to fully investigate the facts; (3) Counsel's failure to adequately research or understand the law; (4) Counsel's failure to make an

(Id., pp. 46, 48 and 55.) By Order entered on September 17, 2004, the Circuit Court summarily

dismissed Petitioner's *habeas* Petition. (Id., Document No. 8-1, pp. 2 - 11.) Petitioner appealed to the

West Virginia Supreme Court raising the following grounds of error:

1.  The decision by the Monroe County Circuit Judge was clearly erroneous
    when the Honorable Judge Robert A. Irons denied the Petitioner's habeas
    corpus Petition without a full evidentially hearing on issues. This action by
    the Circuit Court is contrary to and unreasonable application of clearly
    established United States precedent setting law and violates petitioner's right
    under due process of law in accordance to the Fifth and Fourteenth
    Amendments to the United States Constitution, and violates Article III,
    Section 10 and 14 of the West Virginia Constitution.

2.  Appellant's guilty pleas were clearly not entered knowingly and intelligently
    when he was under the belief from counsel if he would enter a plea of guilty,
    his sentences would run concurrently with any sentence in Greenbrier County.

3.  Appellant contends that he was denied his right to effective assistance of
    counsel in direct violation of the Sixth Amendment of the United States
    Constitution Under Article III, and Section 14 of the West Virginia
    Constitution.[4]

(Id., pp. 16 - 24.) The West Virginia Supreme Court denied Petitioner's appeal on June 29, 2005. (Id.,

p. 14.)

On October 28, 2005, Petitioner, acting *pro se*, filed his first Petition Under 28 U.S.C. 2254

for Writ of Habeas Corpus By a Person in State Custody and an Application to Proceed *in Forma*

*Pauperis*. (Id., Document Nos. 1 - 2.) Petitioner alleged the following grounds for *habeas* relief:

---

objection after the court asked whether Petitioner wished to withdraw his plea; and (5) Counsel's
failure to take proper steps to ensure that he made an intelligent plea. *See Province v. McBride*, Civil
Action No. 04-C-87 (Cir. Ct. Monroe). (Document No. 8-2, p. 9.)

[4] Petitioner asserted that he was denied effective assistance of counsel on five grounds: (1)
Counsel's failure to file a proper plea agreement; (2) Counsel's failure to investigate the facts; (3)
Counsel's failure to adequately research or understand the law; (4) Counsel's failure to make an
objection after the trial court asked if Petitioner wished to withdraw his plea; and (5) Counsel's
failure to make timely and persuasive objections during the course of trial. (Civil Action 05-0868,
Document No. 8-1, pp. 23 - 24.)

4

1.    Conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with complete understanding of the nature of the charge and the consequences of the plea.

2.    Petitioner was denied his constitutional right to the meaningful and effective assistance of counsel when defense counsel failed to convey a plea offer to his client.

3.    Petitioner was denied his constitutional right to meaningful and effective assistance of counsel as secured by the Sixth Amendment to the Constitution of the U.S.A. when counsel induced petitioner to plead guilty to consecutive sentences.

(Id., Document No. 1, pp. 4 - 6.) By Proposed Findings and Recommendation entered on May 31, 2006, the undersigned recommended that Petitioner's Petition be dismissed without prejudice because Petitioner had failed to exhaust his available state court remedies with respect to Ground 2. (Id., Document No. 15.) By Memorandum Opinion and Judgment Order entered on June 19, 2006, United States District Judge David A. Faber, adopted the undersigned's recommendation and dismissed the petition without prejudice. (Id., Document No. 16.)

On January 6, 2006, Petitioner, acting *pro se*, filed his second Petition for Writ of Habeas Corpus in the Circuit Court of Monroe County. Province v. McBride, Civil Action No. 06-C-03 (Cir. Ct. Monroe); (Civil Action No. 05-0868, Document No. 13-1.) Petitioner raised the following ground for *habeas* relief: "Petitioner was denied his constitutional right to meaningful and effective assistance of counsel when his defense counsel failed to convey a plea offer to his client." (Civil Action 06-1066, Document No. 15-1, p. 20, Exhibit 3.) By Order filed on January 24, 2006, the Circuit Court summarily dismissed Petitioner's Post-Conviction *Habeas Corpus* Petition. (Id., pp. 25 - 26, Exhibit 4.) The Circuit Court found that the above ground had been waived as a matter of state law, "precluding its contention in a habeas corpus action." (Id.) Petitioner appealed to the West Virginia Supreme Court on March 9, 2006, raising the following errors:

5

1.      Was the Circuit Court clearly wrong when the Court dismissed petitioner's claim that he was denied his constitutional right to the effective and meaningful assistance of counsel as secured by the 6th and 14th Amendments to the Constitution of the U.S.A., and, Article III, §14 of the Constitution of West Virginia due to the failure of defense counsel to inform petitioner of a deadline for accepting a plea bargain?

2.      Was the Circuit Court clearly wrong factually and as a matter of law in failing to appoint counsel to assist petitioner in preparing a petition for writ of habeas corpus pursuant to WV Code § 53-4A-1 et. seq.?

(Civil Action 05-0868, Document No. 15, Court Exhibit A.) The Supreme Court refused Petitioner's appeal on December 6, 2006. (Civil Action 06-1066, Document No. 15-1, pp. 28 - 29, Exhibit 5.)

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody on December 26, 2006. (Civil Action No. 1:06-1066, Document No. 1.) By Order entered on October 8, 2009, the undersigned directed Respondent to show cause, if any, why Petitioner's Petition should not be granted. (Id., Document No. 9.) On November 9, 2009, in response to the Court's Order, Respondent filed his Answer, Motion to Dismiss and Memorandum in Support thereof with exhibits. (Id., Document Nos. 11 - 13.) On November 10, 2009, Respondent filed his Corrected Answer, Corrected Motion to Dismiss and Corrected Memorandum in Support thereof with exhibits.[5] (Id., Document Nos. 14 - 16.) On November 19, 2009, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a further response to Respondent's Motion to Dismiss. (Id., Document No. 17.) On December 7, 2009, Petitioner filed his Motion to Sever Unexhausted Claims and Proceed on the Merits of the Exhausted Claims. (Id., Document No. 18.)

---

[5] Respondent filed corrected documents to reflect that Petitioner is now incarcerated at Huttonsville Correctional Center and Adrian Hoke is the acting warden.

## STANDARD OF REVIEW

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## ANALYSIS

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, state prisoners must exhaust available State remedies prior to filing a Section 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also,

McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in State court, or (2) the Petitioner's claims will be deemed exhausted if no State remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation  requires the Petitioner to (1) present the same claims (2) to all appropriate State courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles'' must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the State's highest Court on either direct or collateral review. See O'Sullivan, 526 U.S. at 844, 119 S.Ct. at 1732.

Section 2254(b)(1)(B) provides, however, that a federal petition need not be dismissed for failure to exhaust if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) and (ii). An "absence of available State corrective process" is created, in one instance, when the State courts would refuse to review a petitioner's claims based on the petitioner's failure to comply with state procedural rules. See e.g., Mason v. Procunier, 748 F.2d 852 (4th Cir. 1984), cert. denied sub nom., Mason v. Sielaff, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168

(1985). Under such circumstances, the petitioner's claims will be considered exhausted if the State procedural rule is adequate and independent. A State procedural rule is adequate "only if it is a 'firmly established and regularly followed state practice.'" Keel v. French, 162 F.3d 263, 268 (4th Cir. 1998), cert. denied, 527 U.S. 1011, 119 S.Ct. 2353, 144 L.Ed.2d 249 (1999)(internal citations omitted). The Fourth Circuit has held that unambiguous State statutes and Court rules are always firmly established. See Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999), aff'd, 528 U.S. 225, 125 S.Ct. 727, 145 L.Ed.2d 727 (2000). A State procedural rule is independent if "it does not 'depend on a federal constitutional ruling.'" Burket v. Angelone, 208 F.3d 172, 183 (4th Cir. 2000), cert. denied, 530 U.S. 1283, 120 S.Ct. 2761, 147 L.Ed.2d 1022 (2001)(quoting Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)). Procedurally defaulted claims are considered exhausted for federal *habeas* purposes.

Claims that have been procedurally defaulted will not receive federal *habeas* review, however, unless the petitioner can establish either "cause and prejudice" for the default, or actual innocence. See Thomas v. Davis, 192 F.3d 445, 450 n.2 (4th Cir. 1999); Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir.), cert. denied, 527 U.S. 1065, 120 S.Ct. 37, 144 L.Ed.2d 839 (1999). Cause is established when an objective factor external to the petitioner's actions impeded the ability to comply with the State's procedural rule. See Strickler v. Greene, 527 U.S. 263, 283 n.24, 119 S.Ct. 1936, 1949 n.24, 144 L.Ed.2d 286 (1999). The petitioner, however, must exhibit reasonable diligence to establish cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir.), cert. denied, 519 U.S. 1048, 117 S.Ct. 630, 136 L.Ed.2d 548 (1996). Prejudice must be actual; the petitioner must show that the trial was infected with actual constitutional error which worked to his disadvantage. See McCarver v. Lee, 221 F.3d 583, 592 (4th Cir. 2000), cert. denied, 531 U.S. 1089, 121 S.Ct. 809, 148 L.Ed.2d 694 (2001); Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054, 121

S.Ct. 661, 148 L.Ed.2d 563 (2000).

In his Motion, Respondent contends that Petitioner failed to properly exhaust his available State court remedies with respect to his claim of disproportionate and excessive sentencing (Ground 4). (Civil Action 06-1066, Document Nos. 15 and 16.) Respondent states that Petitioner's above claim is not exhausted because "Petitioner has failed to demonstrate that he placed the substance of his claim of disproportionate and excessive sentencing before the West Virginia Supreme Court of Appeals in his direct appeal or either of his State habeas appeals." (Id., Document No. 16, p. 6.) Respondent acknowledges that Petitioner made a brief claim in his first State *habeas* petition (No. 04-C-87) that his sentence was excessive. (Id.) Respondent, however, argues that Petitioner failed to raise the issue in his *habeas* appeal filed with the West Virginia Supreme Court.[6] (Id.) Respondent further argues that a stay and abeyance is inappropriate in this case because "Petitioner has not shown good cause for failure to previously raise his excessive sentencing claims in the state court." (Id., p. 8.) Respondent states that "Petitioner has already had two rounds of state post-conviction proceedings [and] he cannot return to state court to exhaust these claims." (Id., p. 7.) Respondent argues that Petitioner's unexhausted claim is procedurally defaulted. (Id., pp. 8 - 9.) Therefore, Respondent argues that Petitioner's petition must be dismissed or Petitioner must withdraw Ground 4 and proceed to the merits of his fully exhausted claims. (Id.)

In his response, Petitioner states that he has reviewed his files and Respondent's Motion to Dismiss, but "he is unable to determine at this time whether the issue has been exhausted in the lower courts or not, but believes it was." (Id., Document No. 18, p. 1.) Petitioner explains that he is unable

---

[6]  In his appeal, Petitioner argued that his sentence was imposed in violation of the terms of the plea agreement and his plea was uninformed because he was told by trial counsel that his sentence would be run concurrently.

to determine if Ground 4 was fully exhausted "because Petitioner was being represented by an inmate legal representative at Mount Olive Correctional Complex" and Petitioner has since been transferred to Huttonsville Correctional Center. (Id.) Petitioner requests that "if this Court should find that the issue was not raised and is unexhausted, Petitioner respectfully moves the Court to sever the unexhausted claim and direct the respondent to answer the exhausted claims." (Id., pp. 1 - 2.)

After reviewing the record liberally in favor of the Petitioner, the undersigned finds that Petitioner's ground for relief numbered four is unexhausted. In Ground 4, Petitioner argues that the trial court violated his right to due process and his right against cruel and unusual punishment by imposing an excessive and disproportionate sentence. (Civil Action 06-1066, Document No. 1.) Although Petitioner raised the issue of excessive sentencing in his first State *habeas* Petition (Civil Action No. 05-0868, Document No. 8, p. 41.), Petitioner omitted the issue in all subsequent filings. In raising the above issue, Petitioner made a brief, conclusory statement that he "received excessive sentencing on his guilty plea" and the "evidence in the case does not support the excessive sentence." (Civil Action No. 05-0868, Document No. 8, p. 41.) Petitioner failed to present any facts or arguments supporting his claim of excessive sentencing.[7] (Id., Document No. 8, p. 41.) "A claim is fairly presented when the petitioner presents to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). A Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Based on

───────────────────

[7]   The Circuit Court did not address the excessive sentencing claim in its denial of Petitioner's *habeas* petition. (Civil Action No. 05-0868, Document No. 8-1, pp. 2 - 12.)

a review of the record, the Court finds that Petitioner did not raise the above ground as error in his direct appeal of his conviction or in his appeals of the Circuit Court's denials of *habeas* relief to the West Virginia Supreme Court. (Civil Action No. 05-0868, Document No. 8, pp. 25 - 30, Document No. 8-1, pp. 15 - 29, 33 - 36, and Document No. 15, Court Exhibit A.) Thus, the State Courts were not afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." See O'Sullivan, 526 U.S. at 845, 119 S.Ct. at 1732. Clearly, Petitioner had the opportunity to the raise the above issue in his State proceedings, but failed to do so.(Civil Action No. 05-0868, Document No. 8, pp. 25 - 30, Document No. 8-1, pp. 15 - 29, 33 - 36, and Document No. 15, Court Exhibit A.) Furthermore, Petitioner has not indicated, nor does the record suggest, any circumstance which hindered or impeded him from raising the aforesaid issue. Ground 4 must therefore be deemed unexhausted. Thus, Petitioner's Petition is a mixed petition containing both exhausted and unexhausted claims.

When a State prisoner presents a mixed petition under Section 2254, the district court possesses discretion to stay the petition "to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfect petition." Rhines v. Weber, 2005 WL 711587, *1. However, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Applying this standard to the facts of the instant case, the undersigned finds that a stay and abeyance is not warranted. Petitioner had two rounds of State *habeas* proceedings. Subsequent to Petitioner's first round of State *habeas* proceedings, Petitioner filed a federal *habeas* petition that was dismissed based upon Petitioner's failure to fully exhaust all claims. Petitioner then engaged in his second round of State *habeas* proceedings wherein he asserted the claim that was found to be unexhausted by this Court. Petitioner has now filed his second federal

12

*habeas* petition, which contains another unexhausted claim.[8] The undersigned finds that there is no good cause for Petitioner's failure to exhaust his excessive sentence claim in either his direct appeal or in one of his two rounds of State *habeas* proceedings. Petitioner was obviously aware of his possible claim of excessive sentencing as he briefly referenced the claim in his first State *habeas* petition. Accordingly, the undersigned finds that a stay and abeyance is inappropriate in this case.

Based on the foregoing, the undersigned finds that Petitioner's Petition contains both exhausted and unexhausted claims. The Court finds that Ground 4 is unexhausted and Grounds 1, 2, 3, and 5 are fully exhausted. The undersigned, therefore, recommends that the District Court grant Petitioner's Motion to Sever as to Ground 4, and deny Respondent's Motion to Dismiss.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Petitioner's Motion to Sever as to Ground 4 (Document No. 18), **DENY** Respondent's Motion to Dismiss (Document Nos. 12 and 15), and refer this matter back to the undersigned for further proceedings.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and

---

[8] The undersigned notes that the unexhausted claim in the instant petition differs from the unexhausted claim presented in Petitioner's prior federal *habeas* petition. The prior unexhausted claim was that trial counsel was ineffective in failing to convey a plea offer. Petitioner exhausted this claim in his second round of *habeas* proceedings in State court. (Civil Action 06-1066, Document No. 15-1, pp. 17 - 23; Civil Action No. 05-0868, Document No. 15-1, Court Exhibit A.)

Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Plaintiff.

Date: December 11, 2009.

R. Clarke VanDervort
United States Magistrate Judge