# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| **MICHAEL L. PROVINCE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:06-1066** |
| | ) | |
| **ADRIAN HOKE, Warden,** | ) | |
| **Huttonsville Correctional Center,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 26, 2006, Petitioner, acting *pro se* and formerly incarcerated at Mount Olive Correctional Complex, Mount Olive, West Virginia, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody.[1] (Civil Action No. 06-1066, Document No. 1.) Petitioner alleges the following grounds for *habeas* relief:

1. Conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with complete understanding of the nature of the charge and the consequences of the plea.

2. Petitioner was denied his constitutional right to the meaningful and effective assistance of counsel as secured by the Sixth and Fourteenth Amendments to the Constitution of the U.S.A. when defense counsel failed to convey a plea offer to his client.

3. Petitioner was denied his constitutional right to meaningful and effective assistance of counsel as secured by the Sixth Amendment to the Constitution of the U.S.A. when counsel induced petitioner to plead guilty to consecutive sentences.

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

4.      The sentence imposed on petitioner was disproportionate to offense committed by petitioner in violation of petitioner's right to due process of law as secured by the Fifth and Fourteenth Amendments to the Constitution of the U.S.A. and in violation of the prohibition against cruel and unusual punishment as secured by the Eighth Amendment of the Constitution of the U.S.A.

5.      Petitioner was denied his right to due process of law as secured by the Fourteenth Amendment to the Constitution of the U.S.A. when the Circuit Court of Monroe County, WV, failed to appoint counsel to represent petitioner in an omnibus habeas corpus proceeding, a right afforded all habeas petitioners with meritorious claims under state law.

(Id., Document No. 1, pp. 3 - 9.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Id., Document No. 3.)

**PROCEDURAL HISTORY**

On May 19, 1998, Petitioner was indicted on ten counts of third degree sexual assault. (Civil Action No. 05-0868, Document No. 8, pp. 14 - 17.) On November 16, 1998, Petitioner pled guilty to five counts of third degree sexual assault in the Circuit Court of Monroe County, West Virginia, in exchange for the dismissal of the remaining five counts of third degree sexual assault contained in the Indictment. (Id., pp. 19 - 20); State v. Province, Criminal Case No. 98-F-29 (Cir. Ct. Monroe Co. April 11, 2001). The Circuit Court sentenced Petitioner to one to five years on each of the five charges to run consecutively with a sentence previously imposed upon the Petitioner by the Circuit Court of Greenbrier County, West Virginia. (Id., p. 22.) On January 21, 2004, Petitioner, by counsel, filed his Petition for Appeal to the Supreme Court of Appeals of West Virginia raising the following assignments of error:

1.      Should the delay in filing this Petition of Appeal adversely affect the rights of the Appellant?

2.      Did the trial court properly determine that the Appellant understood the plea agreement?

    3.       Did the trial court properly determine that the Appellant understood the nature and consequences of tendering his plea of guilty?

    4.       Did the trial court properly determine that the Appellant desired to proceed with the plea agreement and not withdraw his plea of guilty?

    5.       Did the court properly reject the defense's understanding of the plea agreement?

(Id., pp. 25 - 36.) The West Virginia Supreme Court refused the appeal by Order entered on April 15, 2004. (Id., p. 24.)

Petitioner, acting *pro se*, filed his Petition for Writ of Habeas Corpus in the Circuit Court of Monroe County on August 4, 2004. (Id., p. 38.); Province v. McBride, Civil Action No. 04-C-87 (Cir. Ct. Monroe). Petitioner raised the following grounds for *habeas* relief:

    1.       Petitioner's guilty plea was clearly not entered knowingly and intelligently when he was under the belief from counsel if he would enter a plea of guilty, his sentences would run concurrently with any sentence in Greenbrier County.

    2.       The Trial Court went outside the scope of its prescribed authority as provided by the West Virginia Legislature in Rule 11 of the West Virginia Rules of Criminal Procedure when it imposed a sentence not provided for in the plea this was a direct violation of the petitioner's right to due process and equal protection of the law under the 5th and 14th Amendments to the United States Constitution and Article III, Section 10 of the Constitution of the State of West Virginia.

    3.       Petitioner contends that he was denied his rights to effective assistance of counsel in direct violation of the Sixth Amendment to the United States Constitution and Under Article III, Section 14 of the West Virginia Constitution.[2]

---

[2] Petitioner asserted that he was denied effective assistance of counsel on five grounds: (1) Counsel's failure to file a proper plea agreement; (2) Counsel's failure to fully investigate the facts; (3) Counsel's failure to adequately research or understand the law; (4) Counsel's failure to make an objection after the court asked whether Petitioner wished to withdraw his plea; and (5) Counsel's failure to take proper steps to ensure that he made an intelligent plea. *See Province v. McBride*, Civil Action No. 04-C-87 (Cir. Ct. Monroe). (Document No. 8-2, p. 9.)

(Id., pp. 46, 48 and 55.) By Order entered on September 17, 2004, the Circuit Court summarily dismissed Petitioner's h*abeas* Petition. (Id., Document No. 8-1, pp. 2 - 11.) Petitioner appealed to the West Virginia Supreme Court raising the following grounds of error:

1.      The decision by the Monroe County Circuit Judge was clearly erroneous when the Honorable Judge Robert A. Irons denied the Petitioner's habeas corpus Petition without a full evidentially hearing on issues. This action by the Circuit Court is contrary to and unreasonable application of clearly established United States precedent setting law and violates petitioner's right under due process of law in accordance to the Fifth and Fourteenth Amendments to the United States Constitution, and violates Article III, Section 10 and 14 of the West Virginia Constitution.

2.      Appellant's guilty pleas were clearly not entered knowingly and intelligently when he was under the belief from counsel if he would enter a plea of guilty, his sentences would run concurrently with any sentence in Greenbrier County.

3.      Appellant contends that he was denied his right to effective assistance of counsel in direct violation of the Sixth Amendment of the United States Constitution Under Article III, and Section 14 of the West Virginia Constitution.[3]

(Id., pp. 16 - 24.) The West Virginia Supreme Court denied Petitioner's appeal on June 29, 2005. (Id., p. 14.)

On October 28, 2005, Petitioner, acting *pro se*, filed his first Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By a Person in State Custody and an Application to Proceed *in Forma Pauperis*. (Id., Document Nos. 1 - 2.) Petitioner alleged the following grounds for *habeas* relief:

---

[3] Petitioner asserted that he was denied effective assistance of counsel on five grounds: (1) Counsel's failure to file a proper plea agreement; (2) Counsel's failure to investigate the facts; (3) Counsel's failure to adequately research or understand the law; (4) Counsel's failure to make an objection after the trial court asked if Petitioner wished to withdraw his plea; and (5) Counsel's failure to make timely and persuasive objections during the course of trial. (Civil Action 05-0868, Document No. 8-1, pp. 23 - 24.)

1.  Conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with complete understanding of the nature of the charge and the consequences of the plea.

2.  Petitioner was denied his constitutional right to the meaningful and effective assistance of counsel when defense counsel failed to convey a plea offer to his client.

3.  Petitioner was denied his constitutional right to meaningful and effective assistance of counsel as secured by the Sixth Amendment to the Constitution of the U.S.A. when counsel induced petitioner to plead guilty to consecutive sentences.

(Id., Document No. 1, pp. 4 - 6.) By Proposed Findings and Recommendation entered on May 31, 2006, the undersigned recommended that Petitioner's Petition be dismissed without prejudice because Petitioner had failed to exhaust his available State Court remedies with respect to Ground 2. (Id., Document No. 15.) By Memorandum Opinion and Judgment Order entered on June 19, 2006, United States District Judge David A. Faber, adopted the undersigned's recommendation and dismissed the petition without prejudice. (Id., Document No. 16.)

On January 6, 2006, Petitioner, acting *pro se*, filed his second Petition for Writ of Habeas Corpus in the Circuit Court of Monroe County. Province v. McBride, Civil Action No. 06-C-03 (Cir. Ct. Monroe); (Civil Action No. 05-0868, Document No. 13-1.) Petitioner raised the following ground for *habeas* relief: "Petitioner was denied his constitutional right to meaningful and effective assistance of counsel when his defense counsel failed to convey a plea offer to his client." (Civil Action 06-1066, Document No. 15-1, p. 20, Exhibit 3.) By Order filed on January 24, 2006, the Circuit Court summarily dismissed Petitioner's Post-Conviction *Habeas Corpus* Petition. (Id., pp. 25 - 26, Exhibit 4.) The Circuit Court found that the above ground had been waived as a matter of State law, "precluding its contention in a habeas corpus action." (Id.) Petitioner appealed to the West Virginia Supreme Court on March 9, 2006, raising the following errors:

1.     Was the Circuit Court clearly wrong when the Court dismissed petitioner's claim that he was denied his constitutional right to the effective and meaningful assistance of counsel as secured by the 6th and 14th Amendments to the Constitution of the U.S.A., and, Article III, §14 of the Constitution of West Virginia due to the failure of defense counsel to inform petitioner of a deadline for accepting a plea bargain?

2.     Was the Circuit Court clearly wrong factually and as a matter of law in failing to appoint counsel to assist petitioner in preparing a petition for writ of habeas corpus pursuant to WV Code § 53-4A-1 et. seq.?

(Civil Action 05-0868, Document No. 15, Court Exhibit A.) The Supreme Court refused Petitioner's appeal on December 6, 2006. (Civil Action 06-1066, Document No. 15-1, pp. 28 - 29, Exhibit 5.)

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody on December 26, 2006. (Civil Action No. 1:06-1066, Document No. 1.) By Order entered on October 8, 2009, the undersigned directed Respondent to show cause, if any, why Petitioner's Petition should not be granted. (Id., Document No. 9.) On November 9, 2009, in response to the Court's Order, Respondent filed his Answer, Motion to Dismiss and Memorandum in Support thereof with exhibits. (Id., Document Nos. 11 - 13.) On November 10, 2009, Respondent filed his Corrected Answer, Corrected Motion to Dismiss and Corrected Memorandum in Support thereof with exhibits.[4] (Id., Document Nos. 14 - 16.) On November 19, 2009, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a further response to Respondent's Motion to Dismiss. (Id., Document No. 17.) On December 7, 2009, Petitioner filed his Motion to Sever Unexhausted Claims and Proceed on the Merits of the Exhausted Claims. (Id., Document No. 18.)

_____

[4] Respondent filed corrected documents to reflect that Petitioner is now incarcerated at Huttonsville Correctional Center and Adrian Hoke is the acting warden.

6

On December 11, 2009, the undersigned submitted his Proposed Findings and Recommendation that Petitioner's Motion to Sever as to Ground 4 be granted and Respondent's Motion to Dismiss Petition for Failure to Exhaust State Court Remedies be denied. (Document No. 19.) By Order also entered on December 11, 2009, the undersigned directed Respondent to file a Response addressing the merits of Grounds 1, 2, 3, and 5 as set forth in Petitioner's *habeas* Petition. (Document No. 20.) The District Court adopted undersigned's Proposed Findings and Recommendation by Memorandum Opinion and Judgment Order filed on January 11, 2010. (Document No. 23.) Accordingly, this matter was remanded to the undersigned for further proceedings.

On January 22, 2010, Respondent filed his Amended Answer, Motion for Summary Judgment and Memorandum in Support. (Document Nos. 24, 25, and 26.) Respondent contends that summary judgment should be granted because "Petitioner has failed to demonstrate that any of his federal constitutional rights were violated as required to receive relief in federal habeas corpus." (Document No. 25.) Specifically, Respondent argues as follows: (1) "Petitioner waived all claims raised in his Petition by a knowing and intelligent guilty plea entered with competent assistance of counsel" (Document No. 26, pp. 6 - 8); (2) "The record demonstrates that Petitioner's plea was informed" (Id., pp. 9 - 12.); (3) "Petitioner's claim of ineffective assistance of counsel flows from charges that are not the subject of the instant petition" (Id., pp. 13 - 14.); (4) "Petitioner did not plea guilty to consecutive sentences" (Id., pp. 14 - 15.); (5) The "alleged infirmities in the State post conviction proceedings cannot form the basis for federal *habeas* relief" (Id., pp. 15 - 16.); and (6) The "State court's findings of fact were not clearly erroneous, and its conclusions of law did not constitute an unreasonable application of controlling Supreme Court precedent." (Id., pp. 9 - 16.)

7

Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner on January 26, 2010, advising him of his right to file a response to Respondent's Motion for Summary Judgment. (Document No. 27.) Petitioner failed to file a timely Response to Respondent's Motion for Summary Judgment. Subsequent to the deadline for filing a Response, Petitioner filed a Motion for Extension of Time. (Document No. 28.) By Order entered this day, the undersigned has denied Petitioner's Motion for Extension of Time.

## STANDARD OF REVIEW

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. <u>Matsushita</u>, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. <u>Celotex</u>, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## ANALYSIS

A.    **Invalid Plea Agreement:**

Petitioner first argues that his "conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with complete understanding of the nature of the charge and the consequences of the plea." (Document No. 1, p. 3.) Petitioner appears to contend that the trial court failed to comply with the requirements set forth in Rule 11(c) and (d) of the West Virginia Rules of Criminal Procedure. (Id., p. 4.) Petitioner acknowledges that the trial court "questioned the defendant, but contends that it is "readily apparent that the Court did not articulate the precise terms of the plea agreement." (Id.) Petitioner further complains that "[t]he prosecution did not specify their understanding of the plea agreement" and "defense counsel's beliefs and expectations were different than those expressed by the Judge during the plea colloquy." (Id.) Petitioner asserts that the trial "judge did not ask petitioner if he understood the proceedings or if he was prepared to proceed under the Court's interpretation of the plea agreement." (Id.) Therefore, Petitioner argues that "[g]iven that the parties to this contract did not have clear and unambiguous understanding of the rights being waived and the direct consequences of the plea, it is equally apparent that petitioner did not waive his constitutional rights with total cognizance of the consequences of this waiver or demonstrate an intelligent grasp of the situation." (Id.)

In Response, Respondent argues that "the record demonstrates that Petitioner's plea was informed." (Document No. 26, p. 9.) Respondent contends the trial court advised Petitioner during the plea hearing that "he faced a potential sentence of one to five years in the penitentiary on each of the five counts he was pleading to, and that '[t]he sentences could be imposed consecutively, which as your lawyer noted, would result in this county, at least, giving a minimum sentence of 5

years and a maximum sentence of 25 years in the state penitentiary.'" (Id.) Respondent notes that

Petitioner informed the trial court that he was competent and understood the proceedings. (Id., p.

10.)  Respondent asserts that "Petitioner fails to state what specific term of the plea agreement was

not 'articulated' to his satisfaction, what term of the agreement he was not fully informed of, and

what (if any) effect it would have had on his decision to enter the plea."(Id.) Respondent claims that

"[t]he 'terms' of Petitioner's plea were that he would admit guilt to five counts of third degree sexual

assault and in exchange, the remaining five counts in the indictment would be dismissed resulting

in a sentencing exposure of one to five years in the penitentiary for each conviction for a total

possible sentence of five to twenty-five years." (Id.) Respondent argues that Petitioner's

"dissatisfaction with the sentence is not sufficient to form the basis for relief." (Id.) Respondent

further asserts that Petitioner's claim that the trial court's plea colloquy violated the West Virginia

Rules of Criminal Procedure is without merit because "state rules of procedure are inapplicable in

a federal habeas analysis." (Id., p. 11.) Respondent states that during the sentencing hearing, the trial

court offered to allow Petitioner to withdraw his guilty plea and Petitioner declined the offer. (Id.,

pp. 11 - 12.) Respondent therefore contends that Petitioner waived any claim regarding the substance

of the plea agreement by declining the court's offer to withdraw the guilty plea. (Id., p. 12.) Finally,

Respondent argues that Petitioner has failed to rebut the presumption of correctness in the State

*habeas* court's findings on the above issue.

The State *habeas* court denied Petitioner's claim that he did not knowingly and intelligently

enter his guilty plea. (Document No. 25-1, Exhibit 6, pp. 3 - 7.) Specifically, the State *habeas* court

found as follows (Id.):

1.      Petitioner contends that the Plea Agreement was binding pursuant to W. Va.
        Rules Crim. Proc., Rule 11(e)(1)(C) (2004), meaning that the State would

"[a]gree that a specific sentence is the appropriate disposition of the case."

2.  However, the Plea Agreement was actually non-binding pursuant to <u>W. Va.</u>
<u>Rules Crim. Proc., Rule 11(e)(1)(B)</u> (2004), which states that the State will
"[m]ake a recommendation or agree not to oppose the defendant's request for
a particular sentence, with the understanding that such recommendation or
request shall not be binding upon the court."

3.  Although the Plea Agreement was not in writing, it was stated on the record
and all parties agreed that it was the full and complete agreement.
Additionally, there was nothing said during the Plea Hearing that would
indicate that the agreement was binding.

4.  Prosecuting Attorney H. Rod Mohler acknowledged that the Plea Agreement
was non-binding by stating, "In regard to the indictment itself, the State
would take guilty pleas to Counts One through Five. The remaining counts
would be dismissed. In regard to any issues of sentencing, both parties would
be free at liberty to argue as they felt necessary, provided with this partial
stipulation: Any sentence that was imposed over five years, the State *would*
*not object* (emphasis added) to consideration for those sentences to run
concurrent with any sentence in Greenbrier County."

5.  Additionally, Defense Counsel acknowledged that the Plea Agreement was
non-binding by stating, "*Potential* (emphasis added) sentencing for those
would be 5 to 25 years, *the option available to the Court* (emphasis added)
up to 5 to 25 years."

6.  Defense Counsel later stated, ". . . the Monroe County Prosecuting
Attorney's office would agree that in the event he was sentenced in
Greenbrier County in excess of five years and *Your Honor sentenced him to*
*a term in excess of five years*, (emphasis added) the excess in Monroe County
would run *concurrent with the sentence in Greenbrier County*," thus
acknowledging that the sentence was at the discretion of the Court.

7.  The Court then asked if there was anything else that had been agreed to and
Defense Counsel stated, "[n]ot that I'm aware of, Your Honor. I believe that
is a full and complete recitation of the agreement."

8.  The Court asked, "Mr. Province, are you willing to enter into such an
agreement? And Mr. Province responded, "Yes, sir."

9.  The Court then asked, "Has anyone promised you anything else that the
lawyers failed to tell me about?" to which he responded, "No, sir."

11

10.     The Court later asked, "Do you understand if you plead guilty, being basically five separate counts of third degree sexual assault, each one of these counts has a potential sentence of one to five years, in the penitentiary? The sentences could be imposed consecutively, which, as your lawyer noted, would result in this county, at least, giving a minimum sentence of 5 years and a maximum sentence of 25 years in the state penitentiary. Do you understand that?" to which he responded, "Yes, sir."

11.     Additionally, the Court stated, "Although we would consider probation or some alternative sentence, there is some possibility you may not get that. You may get the maximum sentence. Knowing all that, do you still wish to enter into this guilty plea?" and Mr. Province responded, "Yes, sir."

12.     At the Sentencing Hearing, the Court stated that "[i]n light of [the confusion regarding the plea], it seems like to me the appropriate thing would be to allow Mr. Province to withdraw his plea. Does he have any interest in doing that? . . ." to which Defense Counsel responded, "No, Your Honor . . ."

13.     Later, the Court stated, "[t]he problem that I see, this agreement is just not very clear. I can go ahead and sentence him. It's not a binding sentence. I will sentence him however I feel is appropriate. I will let him withdraw his plea, if he wants to do that. He probably has that right. If he doesn't want to withdraw his plea, I will go ahead and sentence him," to which Defense Counsel responded, "Your Honor, I think I can represent Mr. Anderson and I have talked to our client and that rather than withdraw the plea, we would rather Your Honor go ahead and sentence him."

14.     W. Va. Code § 61-11-21 (2004) states the presumption that a sentence will be concurrent at the discretion of the Court as the following:

"When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or any subsequent conviction is ordered to the court to run concurrently with the first term of imprisonment imposed."

15.     Thus, the Court had the discretion to decide whether the sentences would run concurrently or consecutively.

16.     Additionally, the Court abided by the requirements of W. Va. Rules Crim. Proc., Rule 11(C) (2004) for determining whether the plea is voluntary.

      17.     After applying the forgoing legal authority to the Findings of Fact set forth above, the Court concludes that Petitioner is not entitled to Post-Conviction Habeas Corpus relief on "Ground One" of the Petition because the Court has the discretion to sentence a defendant without being bound by the sentencing provisions of the Plea Agreement.

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). It is well recognized that when a defendant making a guilty plea is represented by counsel, his plea is strongly presumed to be valid in subsequent *habeas* proceedings. United States v. Custis, 988 F.2d. 1355, 1363 (4th Cir. 1993), aff'd, 511 U.S., 485, 114 S.Ct. 1732, 127 L.Ed.2d 517 (1994). Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). Generally, a defendant's statement that his plea is made voluntarily and knowingly is considered conclusive on these issues. Savino v. Murry, 82 F.3d 593, 603 (4th Cir. 1996), cert. denied, 518 U.S. 1036, 117 S.Ct. 1, 135 L.Ed.2d 1098 (1996). The Fourth Circuit has recognized that "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney General of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992), cert. denied, 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d 176 (1992); also see United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005)(stating that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements"); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert.

denied, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992)(finding that a defendant's statement made during the plea haring is "strong evidence" of the voluntariness of the plea agreement); United States v. Lambey, 949 F.2d 133, 137 (4th Cir. 1991)(stating that the sentencing court's findings accepting a plea "constitutes a formidable barrier" to attacking that plea). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.). Further, the voluntariness of a plea is called into question if the prosecutor's promises are not carried out. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). When a guilty plea rests significantly upon a promise of the prosecutor, such that it could be said to be part of the inducement, such promise must be fulfilled. United States v. Beltran-Ortiz, 91 F.3d 665, 668 (4th Cir. 1996). The party, however, alleging breach of the plea agreement has the burden of proving the breach by a preponderance of the evidence. United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958, 112 S.Ct. 420, 116 L.Ed.2d 440 (1991).

The undersigned finds that Petitioner has failed to demonstrate that the State *habeas* Court's decision as to the above claim involved an unreasonable application of clearly established federal law or was factually unreasonable. The record in this case reflects that Petitioner's guilty plea was voluntary and made with full knowledge of its consequences. During the plea hearing, the prosecutor and trial counsel explained the plea agreement as follows:

> MR.  MOHLER:   In regard to the indictment itself, the State would take guilty pleas to Counts One through Five. The remaining counts would be dismissed. In regard to any issues of sentencing, both parties would be free, at liberty, to argue as they felt

|  | necessary, provided with this partial stipulation: Any sentence that was imposed over five years, the State would not object to consideration for those sentences to run concurrent with any sentence in Greenbrier County. |
|---|---|
| THE COURT: | Would you run that by me again? |
| MR. MOHLER: | I will try. |
| THE COURT: | Mr. Anderson, maybe you can tell us your understanding of the agreement. |
| MR. ANDERSON: | Your Honor, Mr. Province is going to enter a plea to Counts One through Five in Monroe County, West Virginia. |
| THE COURT: | Five separate counts? |
| MR. ANDERSON: | That's correct. Potential sentencing for those would be 5 to 25 years, the option available to the Court up to 5 to 25. Mr. Province is currently under indictment in Greenbrier County for numerous charges to the same incidents. He intends to plead guilty this afternoon in that county to those charges; and we, of course, don't known which judge is going to sentence first; and what Mr. Mohler is stating is that the Monroe County Prosecuting Attorney's office would agree that in the event he was sentenced in Greenbrier County in excess of five years and Your Honor sentenced him to a term in excess of five years, the excess in Monroe County would run concurrent with the sentence in Greenbrier County. |

(Document No. 25-1, Exhibit 7, pp. 16 - 17.) Following trial counsel's summary of the plea

agreement, the trial court questioned Petitioner as follows:

| Q. | Has anyone promised you anything else that the lawyers failed to tell me about? |
|---|---|
| A. | No, sir. |
| Q. | Did they leave out anything? |
| A. | No, sir, they did not. |

* * *

15

Q.      Do you understand if you plead guilty being basically five separate counts of third degree sexual assault, each one of these counts has a potential sentence of one to five years in the penitentiary? The sentences could be imposed consecutively, which, as your lawyer noted, would result in this county, at least, giving a minimum sentence of 5 years and a maximum sentence of 25 years in the state penitentiary. Do you understand that?

A.      Yes, sir.

Q.      Although we would consider probation or some alternative sentence, there is some possibility you may not get that. You may get the maximum sentence knowing all that, do you still wish to enter into this guilty plea.

A.      Yes, sir.

(Id., pp. 19 - 20.) The trial court further inquired as to whether Petitioner was having difficulty understanding the court, was under a doctor's care for any kind of mental disability, or was under the influence of drugs or alcohol. (Id., p. 27.) Petitioner responded in the negative. (Id.) The trial court questioned Petitioner as to the voluntariness of the plea as follows:

Q.      Has anyone promised you probation, leniency or lighter sentence or done anything to get you to enter a guilty plea other than what was made a part of plea agree?

A.      No.

Q.      Has anyone threatened you or placed you in fear or done something to make you enter a plea against your will?

A.      No, sir.

Q.      Do you need any more time to talk to your lawyers or family before we take your plea?

A.      No, sir.

Q.      Have you changed your mind about anything?

A.      No.

16

(Id., pp. 27 - 28.) During the sentencing hearing, the trial court acknowledged that there was some confusion as to Petitioner's plea due to the unresolved charges pending in Greenbrier County at the time of Petitioner's plea in Monroe County. (Document No. 25-1, Exhibit 8, pp. 38 - 47.) Specifically, it appears that there was confusion among the parties regarding whether the prosecutor in Monroe County would oppose concurrent sentencing with the Greenbrier County sentence.[5] (Id.) Prior to sentencing, the trial court offered to allow Petitioner to withdraw his plea explaining that sentencing was within the trial court's discretion irrespective of the prosecutor's sentencing recommendation. (Id., pp. 47 - 48.) Specifically, the trial court stated as follows:

> THE COURT:   . . . I will sentence him however I feel is appropriate. I will let him withdraw his plea, if he wants to do that. He probably has that right. If he doesn't want to withdraw, I will go ahead and sentence him.
>
> MR. CARRICO:   Your Honor, I think I can represent Mr. Anderson and I have talked to our client and that rather than withdraw the plea, we would rather Your Honor go ahead and sentence him.

(Id.) Clearly, any misunderstanding concerning the plea was raised and addressed prior to sentencing. See Lambey, 949 F.2d at 137(stating that where the court "specifically warns the defendant of possible results different from those he anticipated because of the prior event or advice, then the defendant bears a heavy burden when attempting to demonstrate that the prior event or advice should form the basis of a fair and just reason for a later withdrawal of his plea"). Based on the foregoing, undersigned finds that Petitioner's plea was made knowingly and voluntarily. A

---

[5] The prosecutor stated that he agreed not to object to any sentence over five years being run concurrently with any sentence imposed in Greenbrier County. (Document No. 25-1, Exhibit 8, pp. 38 - 41.) Petitioner alleges that his understanding of the plea agreement was that his Monroe County sentence would run concurrently with his Greenbrier County sentence. (Id., pp. 41 - 45.)

review of the record reveals that Petitioner was adequately informed of the nature and consequences of his plea, Petitioner stated that his plea was made freely and voluntarily, the trial court clarified that no agreement concerning sentencing was binding upon the Court, and Petitioner declined the Court's offer to withdraw his guilty plea after being fully informed of the foregoing. To the extent Petitioner is alleging that the trial court failed to comply with the West Virginia Rules of Criminal Procedure in conducting the plea hearing, the undersigned finds that such a claim is without merit because State rules of procedure are inapplicable in a federal *habeas* analysis. Accordingly, the undersigned finds that Petitioner's claim that his plea was unlawfully induced and involuntary is without merit.

2.      **Ineffective Assistance of Counsel:**

The standards established by the United States Supreme Court in determining whether or not a defendant was denied his Sixth Amendment right to effective assistance of counsel are set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ineffective assistance of counsel claims consist of mixed questions of fact and law. Id. Under the two-pronged standard, a Petitioner must show (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) that counsel's deficiency resulted in prejudice so as to render the results of the trial unreliable. Id. at 687-91, 104 S.Ct. at 2064-66. Counsel's performance is entitled to a presumption of reasonableness and judicial review of counsel's strategic decisions is highly deferential. Id. at 689, 104 S.Ct. at 2065. Thus, a petitioner challenging his conviction on the grounds of ineffective assistance must overcome a strong presumption that the challenged actions constituted sound trial strategies. Id. The Court in Strickland cautioned against the ease in second-guessing counsel's unsuccessful assistance after the adverse conviction and sentence are entered. Id. The Fourth Circuit Court of Appeals specifically recognized that ineffective assistance of counsel may not be established by a "Monday morning quarterbacking" review of

18

counsel's choice of trial strategy. <u>Stamper v. Muncie</u>, 944 F.2d 170, 178 (4th Cir. 1991), <u>cert. denied</u>, 506 U.S. 1087 (1993). Applying this standard, and based upon all of the evidence of record, the Court will address the merits of each of Petitioner's allegations of ineffective assistance of counsel.

### A. *Trial Counsel failed to convey a plea offer.*

Petitioner alleges that he "was denied his constitutional right to the meaningful and effective assistance of counsel as secured by the Sixth and Fourteenth Amendments to the Constitution of the U.S.A. when defense counsel failed to convey a plea offer to his client." (Document No. 1, p. 4.) Petitioner contends that Mr. Kevin Hanson, Assistant Prosecuting Attorney for Greenbrier County, conferred with trial counsel concerning a plea offer in a letter dated September 2, 1998. (<u>Id.</u>, pp. 4 - 5.) Petitioner claims that the letter dated September 2, 1998, provided as follows: "The State was prepared to recommend a sentence which could result in 10 years of actual confinement for petitioner. This sentence would encompass all charges preferred against petitioner in Greenbrier and Monroe Counties. Mr. Hanson indicated he had attempted to contact H. Rod Mohler, Prosecuting Attorney for Monroe County, to determine if such an agreement would be satisfactory with him." (<u>Id.</u>, p. 5.) Petitioner asserts that trial counsel "did not inform petitioner of this plea offer." (<u>Id.</u>) Petitioner contends that "there is a reasonable probability that if Mr. Anderson had notified petitioner of the State's plea offer, petitioner would have accepted it." (<u>Id.</u>, p. 6.) Therefore, Petitioner argues that he was denied ineffective assistance of counsel. (<u>Id.</u>)

In Response, Respondent argues that "Petitioner's claim of ineffective assistance of counsel flows from charges that are not subject to the instant Petition." (Document No. 26, p. 13.) Respondent states that the September 2, 1998, letter from the Greenbrier County Prosecuting Attorney's office to trial counsel discussed a possible plea related to charges in Greenbrier County.

19

(Id.) Irrespective of the above, Respondent further contends that "[t]here was no plea offer in the letter, only an offer to *recommend* a sentence." (Id.) Specifically, Respondent claims that "[t]he letter was simply a conditional proposal that required the agreement of the prosecutor in another jurisdiction, and which was not binding in the jurisdiction where the sentence in the instant case was imposed." (Id.) Respondent further argues that Petitioner was aware of the September 2, 1998, letter prior to sentencing because "there [was a] discussion during the sentencing hearing between defense counsel and the court wherein the terms set forth in the letter are discussed in the presence of Petitioner, and counsel indicates that they were also discussed with Petitioner at the time." (Id.) Moreover, Respondent states that "Petitioner did not raise this issue in state court until he filed his second state post-conviction habeas petition [and] [t]he habeas court declined to address it, ruling that his ground was waived by Petitioner's failure to raise it either on direct appeal, or in his first state habeas petition alleging ineffective assistance of counsel." (Id.)

The undersigned first finds that this Court cannot properly consider whether trial counsel acted ineffectively in failing to convey an alleged plea offer made by the prosecutor in Greenbrier County concerning the charges pending in Greenbrier County. In the instant Petition, Petitioner is challenging his conviction and sentence imposed in Monroe County. Thus, the Court will not consider *habeas* claims concerning Petitioner's conviction on separate charges imposed in Greenbrier County. To the extent Petitioner is alleging that the content of the September 2, 1998, letter affected his conviction in Monroe County, the undersigned finds Petitioner's claim to be refuted by the record. First, the Greenbrier County Prosecutor's office acknowledged in its letter that the recommendation as to total sentencing had not been approved by the prosecutor in Monroe

County.[6] (Document No. 25-1, Exhibit 9, p. 64.) Next, a review of the record reveals that trial

counsel discussed the contents of the September 2, 1998, letter with Petitioner prior to his plea in

Monroe County.[7] (Document No. 25-1, Exhibit 8, pp. 43 - 44.) The undersigned therefore finds that

---

[6] By letter dated September 2, 1998, the Greenbrier County Prosecuting Attorney's office
wrote as follows (Document No. 25-1, Exhibit 9, p. 64.):

> I have consulted with a pathologist regarding the results of the test of Michael
> Province for the purpose of determining if we need to pursue further testing.
> According to the pathologist, a person can be a carrier for the Herpes virus and not
> actually contract the virus. The pathologist stated also that the test results of a person
> with Herpes would only show up positive if the Herpes is active at the time of
> testing. Therefore, I don't see any need for further testing of the defendant. It is still
> our position that Mr. Province transmitted the Herpes virus to the victim in this case.
>
> I have conferred with Mark [Burdette] about an offer in this matter and he is
> willing to recommend a sentence which could result in 10 years of actual
> confinement for Mr. Province. This sentence is referring to a total sentence for Mr.
> Province from the charges in Greenbrier and Monroe County. I have attempted to
> contact Rod Mohler to determine if this would be satisfactory with him, however, I
> have been unable to reach him for two days.

[7] During Petitioner's sentencing hearing in Monroe County, trial counsel explains as follows
concerning a plea offer in Greenbrier County (Document No. 25-1, Exhibit 8, pp. 43 - 44.):

> Your Honor, I have to tell you when - - Mr. Burnette offered us a minimum
> of - - maximum of 10 years. He says he has got to do 10 years. That means on the
> bottom side before he is eligible for parole, and at the time Mr. Anderson and I spent
> untold hours talking to our client, talking to other people. I talked to friends of mine
> in the prosecutor's office and asked and tried to get an idea what people thought the
> sentencing in this range would be, and it ranged from three years to seven years.
>
> So we ended up telling Mr. Burnette we will take our chance. We think we
> can come in under the 10 years. Not in our wildest dreams did we think he would get
> more than 10 years and we told him that. We couldn't tell him what the Court was
> going to do. We felt, in our experience and what happened in the past and other cases
> we have had, that we would be better off and our recommendation would be that we
> go and plead straight up rather than to the 10 years from Mr. Burnette. And Mr.
> Burnette also told us we might as well; we're not going to ask for any more than that.
> We thought why not try it, at least. Obviously, Judge Rowe came down on us really

Petitioner's claim that trial counsel acted ineffectively by failing to convey a plea offer is without merit.

### B. *Trial Counsel induced Petitioner to plead guilty to consecutive sentences.*

Petitioner contends that trial counsel acted ineffectively by improperly inducing Petitioner "to plead guilty to consecutive sentences." (Document No. 1, p. 6.) Petitioner claims that trial counsel "induced petitioner to plead guilty by instilling a belief that whatever sentence imposed by the Circuit Court of Monroe County would be concurrent with the earlier sentence imposed by the Circuit Court of Greenbrier County." (Document No. 1, p. 7.) Petitioner alleges that "counsel mislead petitioner as to the direct consequences of his guilty plea and grossly underestimated their client's sentencing exposure." (Id.) Specifically, Petitioner states that he "was not fully informed about the time he would receive and he was told he would get home confinement because he had no prior criminal offenses." (Id.)

In Response, Respondent argues that Petitioner did not plead guilty to consecutive sentences. (Document No. 26, p. 14.) Respondent states that "the record contains no assertion by trial counsel that Petitioner was guaranteed any sentence by the terms of the plea agreement." (Id.) Respondent argues that although the "Monroe County Prosecuting Attorney stated that he 'would not object' if the sentences were made concurrent, that was not a condition of the plea and does not give rise to a claim of ineffective assistance of counsel."(Id., p. 15.) Respondent further alleges that the "trial court fully informed Petitioner of the sentencing exposure and Petitioner answered affirmatively when asked if he understood the potential sentence he might receive." (Id.) Respondent claims that

---

hard and gave him 12 years, which everybody that we talked to was between three and seven years, so Mr. Anderson and I think 12 years is really, really stiff.

"[a]ny issue Petitioner has with the sentence imposed is with the trial court's discretionary sentence, which is not sufficient to raise a claim upon which relief can be granted." (Id.) Finally, Respondent notes that "Petitioner does not argue that if he had been told he would receive consecutive sentences, he would have chosen to face trial on all ten charges despite the strength of the State's case." (Id.) The State *habeas* court found as follows:

> The Court has examined the record from the Plea Hearing and the Sentencing Hearing. The Defendant affirmatively indicated that he understood and agreed to the proposed plea agreement. He makes no allegation that the agreement was misrepresented to him by his attorney, or that he agreed to anything other than the agreement stated of record. He alleges only that his attorney "failed to take a proper plea agreement." Since there is no requirement that plea agreements be reduced to writing, and the Defendant received the plea that he agreed to, this Court is unable to conclude that counsel acted incompetently in failing to reduce the plea to writing.

(Document No. 25-1, p. 11.)

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court considered Mr. Hill's allegation that his guilty plea was involuntary due to ineffective assistance of counsel because his attorney misinformed him respecting when he would become eligible for parole. The Supreme Court held "that the two-part Strickland v. Washington test applies to challenges to guilty pleas based upon ineffective assistance of counsel." Hill, 474 U.S. at 58, 106 S.Ct. at 370. The Supreme Court stated respecting the "prejudice" prong of that test that in addition to demonstrating that his trial attorney's performance was deficient, the petitioner must prove that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. at 370; See also United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). The Hill Court stated that "[w]e find it unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel

23

because . . . we conclude that petitioner's allegations are insufficient to satisfy the <u>Strickland v.</u> <u>Washington</u> requirement of 'prejudice.' Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial." <u>Hill</u>, 474 U.S. at 60, 106 S.Ct. at 371. Further, when evaluating a claim of ineffective assistance of counsel post guilty plea, statements made under oath affirming satisfaction with counsel are binding absent clear and convincing evidence to the contrary. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

The undersigned finds that Petitioner has failed to demonstrate that the State *habeas* court's rejection of his claim that trial counsel was ineffective in conveying the sentencing consequences respecting the alleged plea offer, involved an unreasonable application of clearly established federal law or was factually unreasonable. First, the undersigned finds that trial counsel did not induce Petitioner to plead guilty to consecutive sentences. The record reveals that Petitioner plead guilty to Counts One through Five of the Indictment. The prosecutor stipulated that "[a]ny sentence that was imposed over five years, the State would not object to consideration for those sentences to run concurrent with any sentence in Greenbrier County." (Document No. 25-1, Exhibit 7, p. 16 - 17.) The record is void of any evidence that trial counsel guaranteed Petitioner a certain sentence based upon his plea. During the plea hearing, trial counsel stated that "[p]otential sentencing for those would be 5 to 25 years, the option available to the Court up to 5 to 25." (<u>Id.</u>, p. 17.) The trial court explained to Petitioner that "each one of these counts has a potential sentence of one to five years in the penitentiary [and] [t]he sentences could be imposed consecutively, which, as your lawyer noted, would result in this county, at least giving a minimum sentence of 5 years and a maximum sentence of 25 years in the state penitentiary." (<u>Id.</u>, p. 19.) The trial court further informed Petitioner

that "although we would consider probation or some alternative sentence, there is some possibility you may not get that. You may get the maximum sentence." (<u>Id.</u>) Petitioner stated that he understood the foregoing and "still wish[ed] to enter into this guilty plea." (<u>Id.</u>, p. 20.) Concerning the content of the plea agreement, the trial court inquired of Petitioner as follows:

> Q.     Has anyone promised you anything else that the lawyers failed to tell me about?
>
> A.     No, sir.
>
> Q.     Did they leave out anything?
>
> A.     No, sir, they did not.

(<u>Id.</u>, p. 19.) During the plea hearing, Petitioner further acknowledged his satisfaction with trial counsel. The trial court specifically inquired as follows:

> THE COURT:               Do you have any complaints about your lawyers?
>
> DEFENDANT PROVINCE:  No, I do not.
>
> THE COURT:               Do you feel like they did everything they should have done to represent you?
>
> DEFENDANT PROVINCE:  I do.

(<u>Id.</u>, p. 30.) Next, the undersigned finds that Petitioner fails to allege that he would have rejected the plea offer but for counsel's alleged deficiencies. Finally, in view of the alleged evidence against Petitioner, the undersigned cannot find that trial counsel acted ineffectively in advising Petitioner to enter into the plea agreement. By virtue of Petitioner's plea, the State dismissed five counts of third degree sexual assault. The prosecutor stated that the State had evidence supporting that Petitioner gave the victim the herpes virus and that Petitioner's DNA was recovered from the victim's sleeping bag. (Document No. 25-1, Exhibit 8, p. 51.) Accordingly, the undersigned finds

25

that the above claim should be dismissed because the State *habeas* court's decision is not contrary to clearly established federal law or factually unreasonable.

**3.**     **The State *habeas* Court's Alleged Errors:**

Finally, Petitioner contends that he "was denied his right to due process of law as secured by the Fourteenth Amendment to the Constitution of the U.S.A. when the Circuit Court of Monroe County, WV, failed to appoint counsel to represent petitioner in an omnibus habeas corpus proceeding, a right afforded all habeas petitioners with meritorious claims under state law." (Document No. 1, p. 7.) In support of his claim, Petitioner merely contends that "this issue was presented to the Supreme Court of Appeals of West Virginia on March 30, 2006." (Id.) Petitioner argues that even though the West Virginia Supreme Court of Appeals refused his petition, "[t]he Honorable Larry V. Starcher would grant the petitioner's request." (Id., p. 8.)

In Response, Respondent argues that the above claim "cannot form the basis for relief in federal habeas corpus" because federal courts may only grant *habeas* relief if the Petitioner is in custody in violation of the Constitution or laws and treaties of the United States. (Document No. 26, pp. 15 - 16.) Specifically, Respondent states that "[t]here is no constitutional requirement that the States provide any avenue for state post-conviction collateral relief." (Id., p. 16.)

Errors occurring in state post-conviction proceedings typically cannot serve as a basis for federal *habeas corpus* relief. See Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) ("[A] challenge to Virginia's state habeas proceedings, cannot provide a basis for federal habeas relief."); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); see also; Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936, 110 S.Ct. 2183, 109 L.Ed.2d 511 (1990) ("[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a

federal habeas petition."); <u>Vail v. Procunier</u>, 747 F.2d 277, 278 (5th Cir. 1984)("Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief."). This is because federal *habeas* relief is available "in behalf of a person in custody *pursuant to the judgment of a State court.*" 28 U.S.C. § 2254(a)(emphasis added). "Even where there may be some error in state post-conviction proceedings this would not entitle [petitioner] to federal habeas corpus relief since [petitioner]'s claim here represents an attack on a proceeding collateral to the detention of [petitioner] and on the detention itself." <u>Williams v. Missouri</u>, 640 F.2d 140, 144 (8th Cir.), <u>cert. denied</u>, 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981). Accordingly, the above claim is without merit.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's Motion for Summary Judgment (Document No. 25.), **DISMISS** Petitioner's Petition (Document No. 1.) and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Plaintiff.

Date: February 17, 2010.

R. Clarke VanDervort
United States Magistrate Judge