IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

MICHAEL L. PROVINCE,

    Plaintiff,

v.                                          CIVIL ACTION NO. 1:06-1066

ADRIAN HOKE, Warden,
Huttonsville Correctional Center,

    Defendant.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on December 11, 2009, in which he recommended that the district court grant plaintiff's motion to sever as to Ground 4 (doc. # 18), deny defendant's motions to dismiss (docs. # 12 and 15), and refer this matter back to him for further proceedings.  On December 11, 2009, Magistrate Judge VanDervort also entered an Order directing defendant to file a response to the petition, addressing the merits of Grounds 1, 2, 3, and 5.

By Memorandum Opinion and Order dated January 11, 2010, the court adopted the findings and recommendation of Magistrate Judge VanDervort and granted plaintiff's motion to sever as to Ground 4,

denied defendant's motions to dismiss, and referred the matter back to Magistrate Judge VanDervort for further proceedings.

Defendant filed his motion for summary judgment on January 22, 2010, and plaintiff had until February 5, 2010, to file a response.  On February 9, 2010, plaintiff filed a motion for an extension of time, asking the court for an additional 45 days to respond to the motion for summary judgment.  By Order dated February 17, 2010, Magistrate Judge VanDervort denied the motion for an extension of time.  The magistrate judge concluded "that an extension of time is unnecessary as Petitioner's claims are fully set forth in the record."[*]  On that same day, Magistrate Judge

---

[*] On March 3, 2010, plaintiff filed an objection to the Magistrate Judge's Order denying his motion for an extension of time.  With his objection, plaintiff also submitted a copy of the response he was preparing which, according to him, was incomplete.

Under Rule 72 of the Federal Rules of Civil Procedure, a district judge is to consider any objections to an order of the magistrate judge and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  The clearly erroneous standard is a deferential standard.  <u>Clark v. Milam</u>, 847 F. Supp. 424, 425 (S.D.W. Va. 1994).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  <u>Id.</u> (citing <u>United States v. United States Gypsum</u>, 333 U.S. 364, 395 (1948)).

The court finds the Order of the magistrate judge denying the motion for an enlargement of time was neither clearly erroneous or contrary to law.  <u>Cf. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc</u>., 334 F.3d 390, 396 (4th Cir. 2003) (appellate court reviews a district court's denial of Rule 6(b) motion for extension of time for abuse of discretion).  Accordingly, the objection is OVERRULED.

VanDervort submitted to the court his Findings and Recommendation, in which he recommended that the district court grant defendant's motion for summary judgment (doc. # 25), dismiss the petition, and remove the matter from the court's active docket.

In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. By Order dated March 9, 2010, the court granted plaintiff's motion for additional time to file objections, setting a new deadline of March 24, 2010. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). On March 26, 2010, plaintiff filed objections and, with respect to those objections, the court has conducted a de novo review.

Plaintiff's first objection is to the conclusion of Magistrate Judge VanDervort that his plea was made knowingly and voluntarily. On May 19, 1998, Province was indicted in Monroe County, West Virginia, on ten counts of third degree sexual assault. On November 16, 1998, he pled guilty to five of the ten counts in exchange for dismissal of the remaining five counts. The Circuit Court of Monroe County sentenced Province to one to five years on each of the five charges to run consecutively with a sentence previously imposed by the Circuit Court of Greenbrier

County, West Virginia.  Province argues that running the sentence imposed in Monroe County consecutive to the sentence imposed in Greenbrier County runs afoul of the agreement he had with the government and, therefore, renders his plea involuntary and unknowing.**

Defendant argued that there was no merit to plaintiff's claim that his guilty plea was unlawfully induced or not made voluntarily with complete understanding of the nature of the charge and the consequences of the plea.  Magistrate Judge VanDervort agreed with defendant.  Province argues that conclusion is not supported by the record.  Having reviewed the transcripts from both the plea and sentencing hearings in the case, the court must disagree.

At the beginning of the sentencing hearing, Judge Irons addressed the disagreement between the parties concerning the terms of the plea agreement.  The government placed its

---

** At the plea hearing, the prosecuting attorney summarized the plea agreement for the court:

> In regard to the indictment itself, the State would take guilty pleas to Counts One through Five.  The remaining counts would be dismissed.  In regard to any issues of sentencing, both parties would be free at liberty to argue as they felt necessary, provided with this partial stipulation: Any sentence that was imposed over five years, the State would not object to consideration for those sentences to run concurrent with any sentence in Greenbrier County.

Plea Hearing, November 16, 1998, p. 2-3 (emphasis added).

understanding of the plea agreement on the record.  Thereafter, counsel for Mr. Province explained his understanding of the plea agreement.  After hearing from both parties regarding the areas of disagreement, the court expressly gave Province the opportunity to withdraw his plea.  Acknowledging that any agreement was not particularly clear, the court stated: "I can go ahead and sentence him.  It's not a binding sentence.  <u>I will sentence him however I feel is appropriate.</u>  I will let him withdraw his plea, if he wants to do that.  He probably has that right.  If he doesn't want to withdraw, I will go ahead and sentence him."  Sentencing Transcript, April 19, 1999, p. 11 (emphasis added).

Despite the court's clear and unequivocal statement to him that the matter of sentencing was entirely up to the court, Province opted to allow his plea of guilty to stand and proceed to sentencing.  And, contrary to Province's argument that he made this decision unknowingly and without an understanding of the consequences of pleading guilty, the record reflects just the opposite.  As his counsel explained to Judge Irons, "[Province] has already got a minimum of 12 years to do and to come back here and say we don't want this plea agreement, and withdraw his plea and go to trial, we're exposing ourselves to even more time, as a practical matter.  We're not interested in withdrawing the plea and withdrawing from the plea agreement."  <u>Id.</u> at 10.  Province recognized that the plea agreement was advantageous to him

because, in exchange for pleading guilty, the government would agree to dismiss five of the ten counts against him which cut his sentencing exposure in half.  At most, Province has shown that he did not get the sentence he thought he would get.  This is not grounds for habeas relief.

To the extent that he argues that he should have been sentenced according to the court's "acceptance of the terms during the November 16th, 1998, plea hearing," he was.  Province agreed to plead guilty to five counts of a ten-count indictment in exchange for dismissal of the remaining counts.  He was sentenced to 1 to 5 years on each count, sentences to run consecutively, after acknowledging that his sentencing exposure was 5 to 25 years.  As Magistrate Judge VanDervort noted and the record reflects, there was clearly confusion among the parties as to any agreement concerning how the sentence was to be run with any sentence imposed in Greenbrier County.  At the sentencing hearing, on April 19, 1999, the court addressed this confusion squarely and gave plaintiff the opportunity to withdraw his plea of guilty.  Accordingly, the objection is OVERRULED.

Plaintiff's next objection is to the conclusion of the magistrate judge regarding trial counsel's alleged failure to convey a plea offer.  This objection is without merit.

By letter dated September 2, 1998, Assistant Prosecuting
Attorney for Greenbrier County, R. Kevin Hanson, wrote the
following to plaintiff's trial counsel:

> I have conferred with Mark [Burdette] about an offer
> in this matter and he is willing to recommend a
> sentence which could result in 10 years of actual
> confinement for Mr. Province.  This sentence is
> referring to a total sentence for Mr. Province from
> the charges in Greenbrier and Monroe County.  I have
> attempted to contact Rod Mohler to determine if this
> would be satisfactory with him, however, I have been
> unable to reach him for two days.

Exhibit 9 to Respondent's Motion for Summary Judgment.  As
Magistrate Judge VanDervort pointed out, this letter concerned
resolution of the charges pending in Greenbrier County, which are
not the subject of this <u>habeas</u> petition.  To the extent Province
contends that the alleged nondisclosure of this letter affected
his decision to plead guilty in Monroe County, the plain language
of the letter makes clear that the recommendation as to total
sentencing had not been approved by the prosecutor in Monroe
County and, thus, was not a plea offer as to the charges pending
there.  Finally, the record shows that plaintiff was aware of the
contents of the letter as the substance of the letter was
discussed at his April 19, 1999, sentencing hearing in Monroe
County.  Based on the foregoing and as discussed more fully in the
Proposed Findings and Recommendation, the objection is OVERRULED.

Finally, plaintiff makes a general objection to certain
alleged errors of the West Virginia <u>habeas</u> court.  <u>See, e.g.</u>,

7

Objections at 6 ("The habeas Court's failure to appoint counsel and conduct an omnibus hearing is indicative of the continued abuse of discretion that has been shown throughout this case."). As our Appeals Court recently confirmed, "even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008); see also Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application."). Accordingly, the objection is OVERRULED.

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court adopts the findings and recommendation contained therein. Accordingly, the court **GRANTS** defendant's motion for summary judgment, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2254, and directs the Clerk to remove the matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 30th day of March, 2010.

ENTER:

David A. Faber
Senior United States District Judge